IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-02971-PAB-NRN

JOHN MEGGS, an Individual, and
ACCESS 4 ALL, Inc., a Florida Non-Profit Corporation,

      Plaintiffs,

v.

COLORADO HOSPITALITY GROUP, LLC, a Colorado Limited Liability Company,

      Defendant.

---

## ORDER

---

This matter is before the Court on Defendant's Motion for Judgment on the Pleadings [Docket No. 10]. Plaintiffs responded, Docket No. 11, and defendant replied. Docket No. 13. The Court has jurisdiction pursuant to 28 U.S.C § 1331.

## I. BACKGROUND[1]

Plaintiff John Meggs ("Meggs") is a California resident, who splits his time between California and Colorado. Docket No. 1 at 1–2, ¶ 1. Meggs is paraplegic with no use of his legs and is disabled as defined by the Americans with Disabilities Act (the "ADA"), 42 U.S.C. 12181, *et seq*. *Id.* at 3, ¶ 9.[2] Plaintiff Access 4 All, Inc. ("Access" and, with Meggs, "plaintiffs") is a Florida non-profit with a "mission of ensuring

---

[1] The following facts are taken from plaintiffs' complaint, Docket No. 1, and are assumed to be true for purposes of this order.

[2] The Court's electronic case filing/ case management system reflects that Mr. Meggs has filed more than 55 case in this District since December 2017. PACER shows that Mr. Meggs has filed at least 130 cases nationwide.

enjoyment and equal access for disabled persons in all places of public accommodation." *Id.* at 2, ¶ 2.  Defendant owns or operates the Comfort Suites Denver Tech Center (the "hotel" or "Comfort Suites") in Englewood, Colorado, which is a "place of public accommodation" as the ADA defines.  *Id.*, ¶¶ 3–4.

 Meggs has visited the Comfort Suites on multiple occasions and last visited on September 6, 2021 as an overnight guest.  *Id.* at 4, ¶ 14.  When he was there, he noticed that the hotel was "littered with violations of the ADA, both in architecture and in policy."  *Id.*  Meggs has a reservation to return to the Comfort Suites on July 22, 2022 as an overnight guest and to monitor the hotel's ADA compliance.  *Id.*, ¶ 15.

Plaintiffs bring two claims, one for violation of the ADA and one for violation of the Colorado Anti-Discrimination Act ("CADA").  *See id.* at 5–15, ¶¶ 20–49.  In their ADA claim, plaintiffs allege that defendant has discriminated against Meggs and others by "denying access to, and the full enjoyment of, the goods, services, facilities, privileges, advantages[,] and/or accommodations" of the hotel.  *Id* at 5, ¶ 21.  Plaintiffs allege that Meggs encountered a number of "architectural barriers and violations of the ADA," including parking and exterior accessible route issues, access to grounds and services issues, and restroom and guestroom issues.  *Id.* at 5–10, ¶ 23.  Plaintiffs state that each of these barriers violates the ADA and various regulations.  *Id.* at 10, ¶ 24.  Plaintiffs further allege that, by failing to remove "architectural barriers[] and communication barriers that are structural in nature" and by failing to make "reasonable modifications," defendant's discrimination against Meggs and others continues.  *Id.* at 11, ¶¶ 28–30.  According to plaintiffs, federal regulations require the removal of all "existing architectural barriers, including communication barriers that are structural in nature,

where such removal is readily achievable." *Id.* at 12, ¶ 33 (citing 28 C.F.R. § 36.304(a)). Additionally, according to plaintiffs, building elements must comply with ADA standards promulgated in 1991 or 2010, depending on when the building element was first "altered." *Id.* at 10–12, ¶¶ 24–34.

For their ADA claim, plaintiffs request: (1) a declaratory judgment that defendant is in violation of the ADA; (2) injunctive relief against defendant, including an order requiring defendant to make "all readily achievable alterations to the facility[,] or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA[,] and to require [d]efendant to make reasonable modifications in policies, practices[,] or procedures[] when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages[,] or accommodations to individuals with disabilities" so that no individual with a disability is "excluded, denied services, segregated[,] or otherwise treated differently . . . because of the absence of auxiliary aids and services"; and (3) attorney's fees, costs, and litigation expenses under 42 U.S.C. § 12205. *Id.* at 13–14.

In their CADA claim, plaintiffs allege that defendant has violated CADA by denying Meggs and others "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations afforded to the public" and that Meggs has "sustained bodily injury in the form of emotional distress, mental anguish, suffering[,] and humiliation" because of defendant's "discrimination through repeated exposure to architectural barriers and other harmful conditions." *Id.* at 15, ¶¶ 48–49. Plaintiffs request an injunction requiring defendant to comply with the ADA and CADA and to

maintain the "required accessible features" at the property, monetary damages, and reasonable attorney's fees.  *Id.* at 15–16.

On November 29, 2021, defendant filed its answer, Docket No. 6, and served an offer of judgment on plaintiffs pursuant to Federal Rule of Civil Procedure 68.  Docket No. 8.[3]  The offer states, in relevant part,

> Defendant shall (within 120 days) identify mobility accessibility features at its hotel property that do not comply with the 2010 Standards of Accessibility Design and shall, within twelve (12) months, remove those barriers to the extent that such removal is readily achievable.

Docket No. 10-1 at 2.  The offer further states that it is "exclusive of reasonable attorneys' fees, costs, expenses, and statutory fines/penalties to which [p]laintiff[s] may apply to the Court for under federal and Colorado law, but to which [d]efendant reserves the right to contest the reasonable [sic] of."  *Id.*  After plaintiffs did not accept the offer of judgment, defendant filed an amended answer.  *See* Docket No. 9.  Defendant's amended answer admits all allegations in the complaint, and defendant states that it agrees that plaintiffs are eligible to apply for their fees and costs and that the Court can

---

[3] In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the challenged complaint itself, but also attached exhibits and documents incorporated into the complaint by reference.  *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  This is also true of a Rule 12(c) motion for judgment on the pleadings.  *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1383-84 (10th Cir. 1997) (stating that court may consider materials referenced in and central to the complaint in the context of a Rule 12(b)(6) motion which incorporated arguments that had been made in a Rule 12(c) motion).  In addition, "facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment."  *Tal v. Hogan*, 453 F.3d 1244, 1264 n. 24 (10th Cir. 2006).  Defendant's motion references its offer of judgment, Docket No. 10 at 2, and defendant provides the offer as an exhibit.  Docket No. 10-1.  Plaintiffs also mention the offer of judgment, Docket No. 11 at 2, and provide it as an exhibit.  Docket No. 11-1.  The Court finds that it is appropriate to consider the offer of judgment.  The Court also considers defendant's proposed order, which the parties discuss in the briefing.  *See, e.g.*, Docket No. 11 at 5; Docket No. 13 at 3.

and should grant injunctive relief to plaintiffs and order defendant to comply with the ADA.  *See generally id.*; *see also id.* at 3, ¶¶ 37–38.  Defendant contents that any award of damages is in the Court's discretion.  *Id.*, ¶ 43.  After defendant admitted all facts in plaintiffs' complaint, defendant filed this motion for judgment on the pleadings, Docket No. 10, which plaintiffs oppose.  Docket No. 11.

## II.  LEGAL STANDARD

The Court reviews a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) much as it does a motion to dismiss pursuant to Rule 12(b)(6). *See Adams v. Jones*, 577 F. App'x 778, 781-82 (10th Cir. 2014) (unpublished) ("We review a district court's grant of a motion for judgment on the pleadings de novo, using the same standard that applies to a Rule 12(b)(6) motion.") (quoting *Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006), *abrogated on other grounds by Magnus, Inc. v. Diamond St. Ins. Co.*, 545 F. App'x 750, 753 (10th Cir. 2013) (unpublished)).  The Court must "accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same."  *Id*.  To prevail, the moving party must show that "no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law."  *United States v. Any & All Radio Station Transmission Equip*., 207 F.3d 458, 462 (8th Cir. 2000).

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)).  If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim.  *Khalik*, 671 F.3d at 1191 (quotations omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (alteration marks omitted).

A "motion for a judgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court."  5C Charles Alan Wright et al., Federal Practice & Procedure § 1367 (3d ed.); *see also Park Univ. Enters.*, 442 F.3d at 1244 ("Judgment on the pleadings should not be granted unless the moving party clearly establishes that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." (quotation marks omitted)).  A party may raise arguments that could be made in a motion under Rule 12(b)(6) in a motion under Rule 12(c).  Fed. R. Civ. P. 12(h)(2).

### III.  ANALYSIS

Because defendant has admitted all of the allegations in plaintiffs' complaint, defendant argues that there are no material issues of fact to be resolved and thus the Court may enter judgment in plaintiffs' favor based on the pleadings alone.  *See* Docket No. 10 at 4.  Defendant wishes to end this matter and limit attorney's fees and costs.  *Id.* at 1.  After the Court enters judgment for plaintiffs, defendant states, the Court may then decide the issues of fees, costs, and statutory penalties.  *Id.*  Defendant further states that its offer of judgment "would have granted [p]laintiffs injunctive relief against [d]efendant – on the same scope than [sic] they requested in their [c]omplaint" and the offer permitted plaintiffs to seek "reasonable attorneys' fees and costs as well as any statutory penalties they believe they are entitled to under" CADA.  *Id.* at 2.

Plaintiffs make three arguments against defendant's motion.  Docket No. 11. First, plaintiffs argue that defendant's offer of judgment was "deficient as it did not address any specific terms, was intentionally vague, [] included conditional language," and failed to "adequately address the issue of attorneys' fees."  *Id.* at 2 (citing *Irvine v. I.C. Sys., Inc.*, No. 14-cv-01329-PAB-KMT, 2015 WL 1509764, at *3 (D. Colo. Mar. 30, 2015) ("Defendant cannot invoke Rule 68 when it presents plaintiff with an ambiguous Offer of Judgment because 'the offeree must know what is being offered in order to be responsible for refusing the offer.'"  (quoting *Arkla Energy Res., a Div. of Arkla, Inc. v. Roye Realty & Developing, Inc.*, 9 F.3d 855, 867 (10th Cir. 1993))).  Assuming plaintiffs are correct that the offer of judgment was deficient because it was ambiguous or did not address the issues that plaintiffs mention, plaintiffs make no argument for how an inadequate offer of judgment, which was withdrawn because plaintiffs did not accept it,

could preclude judgment on the pleadings.  *See* Fed. R. Civ. P. 68(b) ("An unaccepted offer is considered withdrawn, but it does not preclude a later offer.").

Although there used to be some dispute between the circuits as to whether an unaccepted offer of judgment for the full relief to which the plaintiff is entitled moots the case, *see, e.g.*, *Irvine*, 2015 WL 1509764, at *2 (citing cases and noting that "[t]here is a circuit split as to whether a Rule 68 Offer of Judgment for the full relief to which the plaintiff is entitled moots a case"), that circuit split concerned unambiguous offers of judgment that would afford the plaintiff complete relief.  Neither party here argues that the case is now moot.  Moreover, after this Court decided *Irvine*, noting the circuit split, the Supreme Court explained that, "in accord with Rule 68, . . . an unaccepted settlement offer has no force.  Like other unaccepted contract offers, it creates no lasting right or obligation.  With the offer off the table, and the defendant's continuing denial of liability, adversity between the parties persists."  *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156, 160 (2016) ("We granted certiorari to resolve a disagreement among the Courts of Appeals over whether an unaccepted offer can moot a plaintiff's claim, thereby depriving federal courts of Article III jurisdiction").  Thus, if an unaccepted complete offer of judgment does not moot the dispute, it is not clear how a deficient offer of judgment – according to plaintiffs – could impact the litigation or preclude judgment on the pleadings.

Second, plaintiffs argue that defendant's proposed order affords plaintiffs "nothing whatsoever" because defendant has only offered to "complete the remediations that it alone deems to be readily achievable," yet "offers absolutely no findings, guidance, or expert report detailing what, if any, of the existing barriers/violations . . .

are readily achievable."  Docket No. 11 at 3, 5.  Plaintiffs insist that defendant is "attempting to force [p]laintiffs into a vague settlement that cannot be enforced" because defendant "simply could determine, by its own standard, that none of the existing barriers' removal is readily achievable."  *Id.* at 5.  Defendant argues that the proposed order "mirror[s] the scope and language of [p]laintiff[s'] prayer for relief" and states that, if defendant had not filed a responsive pleading, and plaintiffs instead sought default judgment, the Court would have entered the same relief.  Docket No. 13 at 3–4.

Plaintiffs provide no authority that a proposed order, which the Local Rules do not require, *see* D.C.COLO.LCivR 7.1(g) ("A moving party *may* submit a proposed order with an unopposed motion or nondispositive motion.") (emphasis added), could bind the Court in fashioning relief after granting a motion for judgment on the pleadings or could preclude the entry of judgment on the pleadings.  Regardless, the Court agrees with defendant that the proposed order is not materially different from the relief that plaintiffs request in the complaint.  As the Court noted previously, the complaint seeks: (1) a declaratory judgment that defendant is violating the ADA and the CADA; (2) an injunction against defendant and an order that defendant "make all readily achievable alterations to the facility," or "make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA," and "make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities" so that "no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services"; (3) attorney's fees

and costs; (4) monetary damages under the CADA; and (5) an order "requiring [d]efendant to maintain the required accessible features at the Subject Property." *See* Docket No. 1 at 13–14, 15–16. The proposed order provides: (1) defendant is in violation of the ADA and the CADA; (2) defendant shall "within 12 months, make all readily achievable alterations to [d]efendant's facility, to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities so that [d]efendant is compliant with the [ADA] and [CADA]"; and (3) the parties may "apply to the Court for an award of their reasonable attorneys' fees, costs, and any statutory penalties." Docket No. 10-2 at 1–2. Thus, the complaint's prayer for relief and the proposed order are largely identical, except the proposed order leaves the issue of fees, costs, and penalties or monetary damages to the Court.

Plaintiffs' argument that the relief specified in the proposed order would only remediate barriers that defendant on its own considers to be "readily achievable" fails for two reasons. First, plaintiffs are mistaken that the relief in the proposed order limits defendant to remediations that defendant alone finds to be readily achievable.

Second, plaintiffs misunderstand the "readily achievable" issue. Under Title III of the ADA, which plaintiffs allege defendant violated, *see* Docket No. 1 at 13 (seeking a declaratory judgment that defendant "is in violation of Title III of the ADA"), "discrimination" includes "failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." *Colo. Cross Disability Coal. v. Hermanson Fam. Ltd. P'ship I*, 264 F.3d 999, 1002 (10th Cir. 2001) (quoting 42 U.S.C.

§ 12182(b)(2)(A)(iv).  The ADA defines "readily achievable" as "easily accomplishable and able to be carried out without much difficulty or expense."  *Id.* (quoting 42 U.S.C. § 12181(9)).  The Tenth Circuit has explained that the plaintiff must first present evidence "suggest[ing] that the method of barrier removal is readily achievable under the particular circumstances."  *Id.*  Then, if the plaintiff meets his or her burden, the defendant "bears the ultimate burden of persuasion that barrier removal is not readily achievable."  *Id.* at 1002–03.  Thus, the contention that removal of a barrier is not "readily achievable" functions as an affirmative defense.  *See id.* at 1003 ("Placing the burden of persuasion on [d]efendant to prove the affirmative defense that barrier removal is not readily achievable is consistent with the remaining subsections of Title III.").

But here, defendant has not raised any affirmative defense that removal of all of the barriers listed in the complaint is not readily achievable.[4]  Thus, the "readily achievable" issue does not appear relevant to the parties' present dispute.  Nor does it prevent the Court from entering judgment based on the pleadings.  Moreover, plaintiffs' argument that judgment on the pleadings is inappropriate because there are factual disputes about what barriers can be removed "easily" and "without much difficulty or expense," *see* § 12181(9), either misunderstands the effect of defendant's answer admitting all of plaintiffs' allegations or misunderstands that "readily achievable" is an affirmative defense that defendant does not rely upon.

---

[4] Although plaintiffs' complaint contains no allegations – and its response no evidence – that removal of the barriers listed in the complaint is readily achievable, the Court assumes plaintiffs could satisfy its initial burden because defendant has admitted all of plaintiffs' allegations.

Third, plaintiffs argue that defendant has not "articulated exactly what actions or remediations it plans to undertake."  Docket No. 11 at 6.  But plaintiffs never asked in their complaint for defendant to describe precisely what construction projects or repairs it will take to come into compliance with the ADA.  Nor do plaintiffs provide any authority that a declaratory judgment that a defendant has violated the ADA or CADA, or an order that the defendant comply with the ADA and CADA by making readily achievable removal of barriers, would require the Court to approve a defendant's construction plans.[5]

The Court also finds apt defendant's analogy to default judgment.  *See* Docket No. 13 at 3–4.  Although a default judgment is the only final judgment that must reflect the relief sought in the pleadings, *see* Federal Rule of Civil Procedure 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.  Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."), plaintiffs have provided no persuasive argument for why judgment on the pleadings in this case should differ, as defendant has admitted every material allegation in the complaint and plaintiffs never requested that the Court pre-approve defendant's plans to "remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable."  *See Colo. Cross Disability Coal.*, 264 F.3d at 1002 (quoting 42 U.S.C. § 12182(b)(2)(A)(iv)).

## IV.  CONCLUSION

For the foregoing reasons, it is

---

[5] If plaintiffs later believe that defendant has not complied with the Court's order that defendant comply with the ADA and CADA, that issue may be addressed after the time period for defendant to comply has expired.

**ORDERED** that Defendant's Motion for Judgment on the Pleadings [Docket No. 10] is **GRANTED**.  It is further

**ORDERED** that defendant is in violation of Title III of the Americans with Disabilities Act.[6]  It is further

**ORDERED** that defendant shall, within 12 months of this order,[7] make all readily achievable alterations to the facility, or make the facility readily accessible to and usable by individuals with disabilities to the extent required by law.  It is further

**ORDERED** that defendant shall make reasonable modifications in policies, practices, and procedures as necessary to afford all offered goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities and shall take such steps as necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.  It is further

**ORDERED** that plaintiffs are awarded their costs and may file a bill of costs with the Clerk of Court within 14 days of this order in accordance with Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.  It is further

---

[6] In their prayers for relief, plaintiffs ask for the Court to issue a declaratory judgment "determining that the [d]efendant is in violation of Title III of the ADA," *see* Docket No. 1 at 13, but they do not ask for a declaration that defendant is in violation of the CADA.  *See id.* at 15–16.

[7] Defendant's proposed order provides, in part, "[d]efendant shall, within 12 months, make all readily achievable alterations to [d]efendant's facility."  *See* Docket No. 10-2 at 1.  Plaintiffs do not dispute the appropriateness of this timeframe.  *See generally* Docket No. 11.

**ORDERED** that plaintiffs are entitled to attorney's fees under 42 U.S.C. § 12205 and Colo. Rev. Stat. § 24-34-802(3) and shall file a motion for attorney's fees pursuant to D.C.COLO.LCivR 54.3 within 21 days of this order.  It is further

**ORDERED** that, if plaintiffs seek monetary damages pursuant to Colo. Rev. Stat. § 24-34-802(2)(a), plaintiffs shall file a separate motion requesting such relief within 21 days of this order.

DATED June 2, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge