IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-02971-PAB-NRN

JOHN MEGGS, an Individual, and
ACCESS 4 ALL, Inc., a Florida Non-Profit Corporation,

    Plaintiffs,

v.

COLORADO HOSPITALITY GROUP, LLC, a Colorado Limited Liability Company,

    Defendant.
_____

**ORDER**
_____

This matter is before the Court on Plaintiffs' Motion for Attorneys' Fees, Costs, and Expenses, and Memorandum in Support Thereof [Docket No. 24]. Defendant responded, Docket No. 30, and plaintiffs replied. Docket No. 31. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

**I.    BACKGROUND**

The relevant background facts are set forth in the Court's prior order and will not be restated here except as relevant to resolving the present motion. *See* Docket No. 19 at 1-5. Plaintiff John Meggs is disabled as defined by the Americans with Disabilities Act (the "ADA") and plaintiff Access 4 All, Inc. ("Access") is a Florida non-profit. *Id*. at 1. Defendant owns or operates the Comfort Suites Denver Tech Center (the "hotel"). *Id*. at 2. Plaintiffs sued defendant for violations of the ADA and the Colorado Anti-Discrimination Act ("CADA") that were present throughout the hotel. *Id*. The complaint requested the following relief for the ADA violations: 1) a declaratory judgment that defendant is in violation of the ADA; 2) an order directing defendant to "make all readily

achievable alterations to the facility" to ensure the hotel is ADA-compliant; and 3) attorney's fees, costs, and litigation expenses under 42 U.S.C. § 12205.  Docket No. 1 at 13-14.  The complaint requested the following relief under CADA: 1) an injunction ordering defendant to comply with CADA; 2) an award of monetary damages to Mr. Meggs; 3) reasonable attorneys fees and costs; and 4) an order requiring defendant to "maintain the required accessible features at the Subject Property."  *Id*. at 15-16.

On November 29, 2021, defendant filed its answer, Docket No. 6, and served an offer of judgment on plaintiffs pursuant to Federal Rule of Civil Procedure 68.  Docket No. 8.  The offer states, in relevant part,

> Defendant shall (within 120 days) identify mobility accessibility features at its hotel property that do not comply with the 2010 Standards of Accessibility Design and shall, within twelve (12) months, remove those barriers to the extent that such removal is readily achievable.

Docket No. 30-1 at 4.  The offer states that plaintiffs may apply to the Court for reasonable attorneys' fees, costs, expenses, and statutory penalties, but defendant reserves the right to contest the reasonableness of the amount.  *Id*.  Plaintiffs did not accept defendant's offer of judgment.  *See* Docket No. 19 at 4.  Defendant filed an amended answer, admitting all allegations in the complaint.  Docket No. 9.  Defendant then filed a motion for judgment on the pleadings against itself pursuant to Fed. R. Civ. P. 12(c).  Docket No. 10.

The Court granted defendant's motion for judgment on the pleadings.  Docket No. 19 at 13.  The Court held that defendant is in violation of the ADA and ordered the defendant to, "within 12 months of this order, make all readily achievable alterations to the facility, or make the facility readily accessible to and usable by individuals with disabilities to the extent required by law."  *Id*.  The Court further held that plaintiffs are

entitled to attorneys' fees under 42 U.S.C. § 12205 and Colo. Rev. Stat. § 24-34-802(3). *Id*. at 14. On July 7, 2022, plaintiffs filed the present motion seeking attorneys' fees, costs, and expenses. Docket No. 24. Accordingly, the only remaining issue is the reasonableness of the requested fees, costs, and expenses.

## II. ANALYSIS

Plaintiffs seek $12,360 in attorneys' fees and $8,720.23 in costs and expenses. *Id*. at 1. Defendant argues that the Court should deny the fee application or substantially reduce the fees because plaintiffs "actively worked to prevent the resolution of this case." Docket No. 30 at 1-2. Defendant argues that plaintiffs unreasonably seek more than $20,000 in fees and costs for "filing a copy-and-paste Complaint" and rejecting a Rule 68 offer of judgment at the outset of the case that would have provided all their requested relief. *Id*. at 1.

### A. Attorneys' Fees

To determine a reasonable fee request, a court must begin by calculating the "lodestar amount." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (discussing a reasonable attorney's fee under 42 U.S.C. § 1988(b)). The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A party seeking an award of attorney's fees must establish the reasonableness of each dollar and each hour for which the party seeks an award. *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995).

#### 1. Hourly Rate

A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience. *Guides, Ltd. v. Yarmouth Group Prop.*

*Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002); *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996). The party requesting fees bears "the burden of showing that the requested rates are in line with those prevailing in the community." *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998). "Unless the subject of the litigation is 'so unusual or requires such special skills' that only an out-of-state attorney possesses, 'the fee rates of the local area should be applied even when the lawyers seeking fees are from another area.'" *Lippoldt v. Cole*, 468 F.3d 1204, 1225 (10th Cir. 2006) (quoting *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983), *overruled on other grounds by Penn. v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 721 n.4 (1987)). In order to satisfy their burden, plaintiffs must produce "satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience[,] and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

Plaintiffs request an hourly rate of $400. Docket No. 24-2 at 5. In support of the hourly rate, plaintiffs provide an affidavit from their attorney, Jon Shadinger Jr., who has been admitted to practice law since 2017. *Id*. at 3, ¶ 6. Mr. Shadinger is a solo practitioner who primarily focuses on ADA claims. *Id*. at 3, 6, ¶¶ 4, 18. Plaintiffs argue that $400 is a reasonable hourly rate for partners of comparable skill, experience, and reputation in Denver. Docket No. 24 at 6; *see also* Docket No. 24-2 at 6; Docket No. 24-1 (2020 report analyzing attorney pay data by practice area and location).

Defendant challenges the reasonableness of the proposed rate. Docket No. 30 at 7-8. Defendant argues that Mr. Shadinger is a solo practitioner with less than five years of legal experience, and as a result, he should be considered a mid-level associate instead of a partner. *Id*. Citing the report attached to Mr. Shadinger's

affidavit, defendant states that the median billable rate for litigation associates with 3 to 7 years' experience in Denver is $275. *Id*. at 8. (citing Docket No. 24-1 at 38). In reply, plaintiffs concede that they accept "the $275.00 per hour figure proposed by the [d]efendant." Docket No. 31 at 6. The Court agrees that $275 is a reasonable hourly rate for an attorney in Denver with comparable skills, experience, and reputation to Mr. Shadinger. *See* Docket No. 24-1 at 38.

Accordingly, the Court will apply an hourly rate of $275 to Mr. Shadinger's time.

### 2.  Number of Hours

In determining the reasonableness of the hours expended, a court considers several factors. First, it considers whether the fees pertain to tasks that would ordinarily be billed to a client. *See Ramos*, 713 F.2d at 554. Plaintiffs must demonstrate that their counsel used "billing judgment" in winnowing down the hours actually spent to those reasonably expended. *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005). If not, a court should take extra care to ensure that an attorney has not included unjustified charges in his billing statement. *Id*. A court should also consider whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering. *Id*. "In determining what is a reasonable time in which to perform a given task," an attorney submitting billing entries should consider the following factors: (1) the complexity of the case; (2) the number of reasonable strategies pursued; (3) the responses necessitated by the maneuvering of the other side; and (4) "the potential duplication of services" caused by the presence of multiple attorneys when one would suffice. *Ramos*, 713 F.2d at 554. Ultimately, the Court's goal is to fix a fee that would be equivalent to what the attorney would reasonably bill for those same

5

services in an open market.  *Id*. at 555.  Fees will be denied for excessive, redundant, and otherwise unnecessary expenses.  *Id*. at 553.  The burden is on the party requesting fees to prove that its counsel exercised proper billing judgment.  *Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998) ("Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks.").

Plaintiffs seek to recover 30.9 hours in attorneys' fees.  Docket No. 24-2 at 5, ¶ 12.  Plaintiffs state that counsel deducted approximately 25 percent of his total billing for this case to eliminate inefficient work, clerical entries, and other entries that may not be compensable.  Docket No. 24 at 5.  Plaintiffs argue that 30.9 hours is reasonable based on the detailed billing records.  *Id*.  Plaintiffs admit the case is not "novel or overly complex," but argue that defendant's "attempted maneuvering did necessitate responses that are not generally deployed in this type of matter."  *Id*.

Defendant argues that Mr. Shadinger's proposed time is not reasonable given the litigation tactics.  Docket No. 30 at 7-8.  Defendant argues that any attorneys' fees incurred after November 29, 2021 were unnecessarily caused by plaintiffs' "refusal to accept an [offer of judgment] that gave them everything they asked for in their Complaint."  *Id*. at 9.  Defendant states that Mr. Shadinger spent more than 22 hours to "drive up the costs of the case and leverage a private settlement."  *Id*. at 8.  Defendant indicates that on December 13, 2021, after rejecting the offer of judgment, Mr. Shadinger made a settlement offer that would require defendant to do less ADA remediation work and require defendant to pay plaintiffs $15,000 in attorneys' fees,

costs, and expert fees. *Id*. at 4 (citing Docket No. 30-1 at 7-12). Defendant argues that Mr. Shadinger was "impermissibly seeking a financial 'windfall'" given that his billing records show he incurred only $3,480 in attorneys' fees through December 13, 2021. *Id*.

The Court finds that plaintiffs' number of hours is not reasonable. Two recent cases from this district are instructive, both involving the same plaintiff, Carlos Cuesta.[1] *See Cuesta v. DTC Lodging LLC*, No. 21-cv-03092-RM-SKC, 2022 WL 6730834, at *1 (D. Colo. Oct. 11, 2022); *Cuesta v. Peoria Lodging, LLC*, No. 21-cv-03104-CMA-KLM, Docket No. 39 at 1. In both cases, Mr. Cuesta asserted ADA claims against hotels, the hotels responded with offers of judgment stating they would fix the ADA violations to the extent that the improvements are "readily achievable," yet Mr. Cuesta rejected the offers. *DTC Lodging*, 2022 WL 6730834, at *1; *Peoria Lodging, LLC*, No. 21-cv-03104-CMA-KLM, Docket No. 39 at 1. The hotels in both cases filed answers, admitting all the material allegations in the complaints, and then filed motions for judgment on the pleadings against themselves. *DTC Lodging*, 2022 WL 6730834, at *1; *Peoria Lodging, LLC*, No. 21-cv-03104-CMA-KLM, Docket No. 39 at 2. In *DTC Lodging,* Judge Raymond P. Moore rejected Mr. Cuesta's proposed attorneys' fees and only awarded fees incurred through counsel's review of the hotel's motion for judgment on the pleadings. *DTC Lodging*, 2022 WL 6730834, at *1 ("from the Court's perspective, this case should have proceeded no further once Defendant admitted all the material allegations in the Complaint and requested entry of judgment against itself. From that

---

[1] Mr. Cuesta is not a party to this litigation. However, the non-profit plaintiff in this case, Access, lists Mr. Cuesta as an officer of the organization in its filings with the Florida Secretary of State. Docket No. 30-1 at 2. Mr. Meggs, Mr. Cuesta, and a third party are the officers of Access. *Id*.

7

point on, Plaintiff's unreasonable refusal to accept victory unnecessarily prolonged this litigation."). In *Peoria Lodging*, Judge Christine M. Arguello only awarded attorneys' fees incurred through the drafting of the complaint because the "case should have proceeded no further once Defendant offered judgment granting Plaintiff all the requested relief." No. 21-cv-03104-CMA-KLM, Docket No. 39 at 2-3.

For similar reasons, the Court finds that this case should have proceeded no further once defendant admitted all the material allegations in the complaint and requested entry of judgment against itself. In the order granting judgment on the pleadings, the Court noted that the complaint's prayer for relief and defendant's proposed order were "largely identical," except for leaving fees and damages to the Court. Docket No. 19 at 10. Plaintiffs' opposition to the motion for judgment on the pleadings unnecessarily prolonged this litigation. Plaintiffs' assertion that "[d]efendant's attempted maneuvering. . .necessitate[d] responses that are not generally deployed in this type of matter," *see* Docket No. 24 at 5, is wholly without merit considering that defendant admitted all material allegations in the complaint, including plaintiffs' requested relief. *See generally* Docket No. 9. As a result, the Court will award plaintiffs' attorneys fees incurred through counsel's review of defendant's motion for judgment on the pleadings. *See DTC Lodging*, 2022 WL 6730834, at *1. Mr. Shadinger's billing records demonstrate that he incurred 10.2 hours through his review of defendant's motion for judgment on the pleadings. *See* Docket No. 24-2 at 10-11.

The Court therefore finds that the proper lodestar amount of attorneys' fees is $2,805 ($275 per hour x 10.2 hours).[2]

---

[2] Defendant also requests that any potential award to plaintiffs be offset by the $6,190 in attorneys' fees that defendant incurred after plaintiffs rejected the offer of judgment.

8

### B. Costs and Expenses

The ADA also permits a court, in its discretion, to award the prevailing party reasonable litigation expenses and costs. 42 U.S.C. § 12205. Plaintiffs request $8,720.23 in costs and expenses. Docket No. 24 at 1. Plaintiffs seek $402 for the filing fee and $68.23 for the service fee. Docket No. 24-2 at 13. Plaintiffs also seek $7,250 in expert fees that were incurred to date, billed by plaintiffs' ADA expert Anthony Mattera. Docket No. 24 at 7. Mr. Mattera conducted an inspection of the hotel in October 2021 to verify plaintiffs' allegations and to satisfy Fed. R. Civ. P. 11, billing $3,500 for the inspection and report. *Id*.; Docket No. 24-2 at 13. Mr. Mattera conducted a second inspection of the hotel in April 2022 during discovery, billing $3,750 for the inspection and report. Docket No. 24 at 7; Docket No. 24-2 at 13. Finally, plaintiffs request $1,000 in future expenses for Mr. Mattera to conduct an inspection of the hotel at the conclusion of defendant's compliance period. Docket No. 24 at 8.

Defendant does not contest the filing or service fees, but argues that plaintiffs' expert fees are unreasonable. Docket No. 30 at 2, 8. Defendant asserts it was unnecessary for plaintiffs to retain a Florida-based expert for $7,250, when defendant retained a local ADA inspection company to inspect the hotel and produce a comparable report for $750. *Id*. at 2. Defendant further argues that Mr. Mattera produced "nearly duplicate inspection reports." *Id*. at 2, 6. In reply, plaintiffs assert that Mr. Mattera did not charge for national travel and state that the cost of local inspectors in Colorado ranges from $3,000 to $4,500 per site visit and report. Docket No. 31 at 4-

---

Docket No. 30 at 2, 6. Defendant provides no legal authority to support this argument. Given that the Court reduced plaintiffs' attorneys' fees from $12,360 to $2,805, the Court declines to offset the award any further.

5. Plaintiffs also state that the second inspection was more detailed and "took place as part of discovery and as ordered by this Court, while Defendant's motion was still pending." *Id*. at 4.

The Court finds that plaintiffs' expert fees are unreasonable. Plaintiffs fail to refute defendant's argument that it was unnecessary to retain a Florida-based expert for $7,250, when a comparable report was obtained locally by defendant for $750. *See DTC Lodging*, 2022 WL 6730834, at *1 (declining to award an expert fee where plaintiff failed to "refute Defendant's contention that it was unnecessary to fly his expert roundtrip from Florida to Denver twice because a comparable report could have been obtained locally for around $750"); *see also Peoria Lodging, LLC*, No. 21-cv-03104-CMA-KLM, Docket No. 39 at 3. Although plaintiffs state that the cost of local inspectors in Colorado ranges between $3,000 to $4,500, plaintiffs provide no evidence to support this assertion. *See generally* Docket No. 31. The evidence in the record shows that a local company charges $750 for assessing ADA violations and writing a comparable report. *See* Docket No. 30-3 at 2; Docket No. 30-2. Furthermore, plaintiffs' assertion that the second report was ordered by this Court is incorrect. The magistrate judge's minute order stated that plaintiff is "permitted to conduct a Rule 34(a)(2) inspection" of the hotel, but did not require plaintiff to conduct an inspection. *See* Docket No. 18 at 1. Additionally, plaintiff has provided no evidence, such as an invoice or estimate, to support the request for $1,000 in future expert fees for a compliance inspection. *See generally* Docket No. 24. However, the Court will award $750 in fees for a future compliance inspection because evidence in the record indicates that $750 is the local rate for an inspection and report. *See* Docket No. 30-2.

Accordingly, in its discretion, the Court will award $750 in expert fees for a future compliance inspection and the Court will decline to award the other requested expert fees. The Court will also award plaintiffs $470.23 in costs for the filing fee and service fee.

### III. CONCLUSION

It is therefore

**ORDERED** that Plaintiffs' Motion for Attorneys' Fees, Costs, and Expenses, and Memorandum in Support Thereof [Docket No. 24] is **GRANTED in part and DENIED in part**. It is further

**ORDERED** that plaintiffs are awarded $2,805 in attorneys' fees. It is further

**ORDERED** that plaintiffs are awarded $1,220.23 in costs and fees.

DATED March 8, 2023

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge